UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 21-CR-10228-FDS |
| | ) |
| DANIELLE MILLER, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**SAYLOR, C.D.J.**

WHEREAS, on July 27, 2021, a federal grand jury sitting in the District of Massachusetts returned a five-count Indictment, charging defendant Danielle Miller (the "Defendant"), with Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts One through Three); and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1) (Counts Four through Five);

WHEREAS, the Indictment also included a Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses set forth in Counts One through Three of the Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

(a) an Order of Forfeiture (Money Judgment) equal to the amount of proceeds the defendant obtained, directly or indirectly, as a result of the offenses;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided

1

without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, on March 6, 2023, at a hearing held pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pleaded guilty to Counts One through Five of the Indictment, pursuant to a written plea agreement that the Defendant signed on March 6, 2023;

WHEREAS, in Section 7 of her plea agreement, the Defendant agreed to forfeit to the United States $1,307,295, to be entered in the form of a forfeiture money judgment, and admitted that the $1,307,295 is subject to forfeiture on the grounds that it is equal to the amount of proceeds the Defendant derived from her offenses;

WHEREAS, in light of the Defendant's guilty plea and admissions in her plea agreement, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $1,307,295, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, this amount represents proceeds—specifically pandemic-related relief funds—the Defendant obtained as a result of her offenses; and,

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $1,307,295, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this

Order.

3.    The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4.    The United States may conduct, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), incorporated by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5.    Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

_____
**F. DENNIS SAYLOR IV**
Chief United States District Judge

Dated: 8-11-2023